IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| PHYLLIS HAMMER HUDSON, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM OPINION** |
| ) | |
| v. ) | Case No. 4:06CV00035 |
| ) | |
| WAL-MART STORES EAST, L.P., ) | By: Jackson L. Kiser |
| d/b/a Wal-Mart Supercenter, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Before me now is the Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56. For the reasons stated herein, the Defendant's Motion for Summary Judgment will be **GRANTED**.

## I. STATEMENT OF THE CASE

On June 10, 2004, the Plaintiff, Phyllis Hammer Hudson, ("Hudson") went grocery shopping at a store owned and operated by the Defendant, Wal-Mart East, L.P. ("Wal-Mart"). Upon arrival, she asked for a motorized shopping scooter because she was having difficulties with her arthritis that day. A Wal-Mart associate provided her with one, and Hudson noticed nothing unusual about the cart. She shopped for roughly one hour and then drove the scooter out of the store to her car in the parking lot. Once she had finished loading her car, she drove the scooter back to the store to return it. As she drove up a "little incline" or ramp, connecting the parking lot to the sidewalk, the scooter's engine died and it began to roll backward. While it rolled backward the right wheel rolled off the curb which caused the scooter to tip and land upon Hudson's foot. In Hudson's own words,

1

"[W]hen I went up the little incline, I, I don't know whether the cart —, what happened to the cart. I guess it just went dead; it cut off. And, it was backing up, and the right wheel went off of the little curb. And, then the cart turned over on the right side, on my right foot."

Hudson claims that a few years prior to this incident she had used another of Wal-Mart's scooters and that motor also inexplicably stopped while she was in the store. The Defendant has a policy against allowing customers taking the scooters into the parking lot. The manager of the store where Hudson was injured claims that the scooter she used was circulated back into regular use after the incident.

## II.   PROCEDURAL BACKGROUND

Hudson initially filed suit in the Circuit Court for the City of Danville. Wal-Mart removed the action to this Court on July 12, 2006. Wal-Mart moved for summary judgment on June 13, 2007. The Plaintiff responded on Friday, July 6 2007, long after the fourteen day deadline for a response had expired and just before the July 9 hearing on the motion. A jury trial is set for August 9-10 in this court. The Court's Second Amended Pretrial Order required Hudson to disclose her expert witnesses 105 days before trial. She has not disclosed any liability experts.

## III.  LEGAL STANDARD

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences

2

in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

In this case, the Defendant is entitled to summary judgment on the merits because the Plaintiff cannot raise a triable issue on an unsafe condition in the scooter or on Wal-Mart's notice of such condition. Both of these issues are fatal to Hudson's claim. In addition, Hudson's filing of a brief in opposition after the time limit specified in the Pre-Trial Order allows me to reach the same result on procedural grounds.

### A. No Material Issue of Fact as to Unsafe Condition Element of Premises Liability

In Virginia, a store owner owes its customers a duty to exercise ordinary care to correct or warn of dangerous conditions on the premises of which it knows or should know. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (quoting *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)). To establish a *prima facie* case of negligence on such claims, the Plaintiff must demonstrate that (1) Wal-Mart owed her a duty, (2) the scooter was an unsafe condition, (3) the unsafe condition proximately caused the accident, (4) Wal-Mart had actual or constructive notice of the defect and neglected to fix the problem in a

3

reasonable time period or warn Hudson of the danger, and (5) damage. *Griffin v. Wal-Mart Stores, Inc.*, No. 3:94CV941, U.S. Dist. LEXIS 6507, at *5-*6 (E.D. Va. April 10, 1995) (citing *Colonial Stores, Inc.*, 203 Va. at 537, 125 S.E.2d at 190; *Gauldin v. Virginia Winn-Dixie*, 370 F.2d 167 (4th Cir. 1966)).

To show a dangerous or unsafe condition, Hudson must show that Wal-Mart violated the ordinary standard of care, i.e., that the scooter constituted a danger that a reasonably prudent property owner would have remedied or warned about. *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). The mere fact that an accident occurred, without more, is not proof of negligence in a premise liability case. *Griffin*, No. 3:94CV941, 1995 U.S. Dist. LEXIS 6507 at *10 (quoting *Weddle v. Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (Va. 1963)). In *Griffin*, a box of dust mops fell from its display in the middle of the aisle and hit the plaintiff. *Griffin*, 1995 U.S. Dist. LEXIS 6507 at *2. The Court found that without more evidence, such as an expert's testimony establishing the dangerousness of the condition, the plaintiff failed to carry her burden. *Id*. at *6-*9. In *Morrison-Knudsen Company v. Wingate*, the Virginia Supreme Court found that although the plaintiff's evidence showed that one floor surface provided more traction than the type upon which the plaintiff slipped, this evidence could not sustain a jury verdict because it did not establish that the use of the lower traction surface constituted negligence. 254 Va. 169, 173-4 , 492 S.E.2d 122, 124-5 (1997).

In this case, while the Plaintiff can show that an accident occurred, she cannot prove any defect in the scooter or on Wal-Mart's premises. She has not provided any expert testimony on the scooter's alleged malfunctioning or a standard of care  She can only prove that the motor stopped. She believes that the battery went dead, but she cannot even prove that. The motor may have

4

stopped because a connection came lose or some other mechanism that is no fault of the Defendant's. "It is incumbent on plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." *Weddle*, 204 Va. 319, 322, 130 S.E.2d 462 at 465.

The Plaintiff supplied the alternative theory that Wal-Mart is negligent for routinely allowing customers to use the scooters in the parking lot despite a Wal-Mart policy against this practice. This argument is a bare allegation unsupported by any evidence that Wal-Mart's practice is dangerous or negligent. Even if the Defendant had a policy against taking the motorized carts into the parking lot, and on this occasion the policy was not communicated to the Plaintiff, there is still no proof of negligence. Violation of company policy does not show a breach in the standard of care. *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995).

### B.     No Material Issue of Fact on Notice Element of Premises Liability

In addition, summary judgment for Wal-Mart is appropriate because Hudson has not raised a triable issue of fact on the element of notice. In a premises liability case, a plaintiff must show that the defendant had actual or constructive knowledge of the unsafe condition. *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 231 S.E.2d 157, 161 (1977). "[C]onstructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 890 (1993). Consequently, if the evidence does not show how long the defect remained on the premises before the accident, the plaintiff has not made a *prima facie* case. *Id*.

Hudson has presented no evidence that the Defendant knew or should have known of a defect

in the scooter, assuming that there was a defect. Indeed, the only positive evidence is to the contrary. In the Plaintiff's own exhibit, she provides the Wal-Mart manager's answers to interrogatories in which the manager states that the scooter involved in the Plaintiff's injury has been circulated into use again after the accident. By Hudson's own admission, she used the cart herself for an hour without noticing any problem.

The Plaintiff makes two arguments regarding notice. First, she states that she had experienced a similar motor failure on a scooter on a visit to Wal-Mart a "couple of years" prior to her injury. This incident does not prove actual or constructive notice because there is no evidence that the scooters in both incidents were the same make or model, or that they even malfunctioned. The Plaintiff merely says that two scooters stopped functioning on two separate occasions years apart with no supporting evidence as to how or why this happened. Second, Hudson argues that Wal-Mart's policy against allowing customers use of the scooters in the parking lot shows notice. Again, there is no evidence that Wal-Mart's policy is related to knowledge that the scooters' motors can suddenly stop. It is just as likely that the policy is aimed at preventing theft or damage to the scooters.

### C.  Plaintiff's Late Filing Invokes Pre-trial Order Sanction of Dismissal

While I have decided the summary judgment motion in the Defendant's favor on the merits, I could reach the same result based on the Plaintiff's filing of the brief after the deadline set in the Pre-trial Order. Under the terms of the order, briefs in opposition to any motion must be filed within fourteen days of the date of service of the movant's brief. The only exception is for "good cause shown." The Pre-trial Order specifies that the sanction for a late filing is that the motion is deemed well taken.

6

The Plaintiff's counsel explained that his filing was late due to his lack of experience in handling federal civil cases under the Federal Rules of Civil Procedure and standard federal pre-trial orders. This does not constitute good cause. The only question is whether the sanction of dismissal is too severe. The Fourth Circuit has ruled that "the sanction of dismissal, when used to punish attorney misbehavior, is only appropriate in the most egregious cases." *See, Doyle v. Murray*, 938 F.2d 33, 34 (1991). In order to insure that the sanction is proportional to the misconduct, I must apply a four part balancing test. *Id*. The factors to consider are "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion' and (4) the existence of sanctions less drastic than dismissal." *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (quoting *Chandler Leasing Corp. V. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)).

Turning to the first factor, the Plaintiff's counsel bears responsibility for being unfamiliar with the rules governing responses in federal civil matters. That is hardly an arcane point of law to research. Under the second factor, the Plaintiff's delay was potentially prejudicial to the Defendant. By filing the brief in opposition on the Friday before the Monday hearing of the motion, the Plaintiff allowed the Defendant only a weekend to respond instead of the seven business days called for in the Pre-trial Order. Additionally, the summary judgment hearing could not have been easily rescheduled because the hearing was thirty days prior to the trial. The Pre-Trial Order requires that all Rule 56 motions be heard at least thirty days before trial. The rationale behind that thirty day period is to allow the court time to rule on a dispositive motion in a timely fashion and save the parties the time and expense of preparing for a trial. Thus, allowing the Defendant time to respond to arguments raised by the Plaintiff in written form would have required rescheduling both the

7

hearing and the trial. Mitigating the potential prejudice is the fact that the merits of the case militated so strongly in favor of granting summary judgment to the Defendant that the ultimate outcome remains the same despite the Plaintiff's delay.

Analyzing the third factor, I note that Plaintiff has no history of proceeding in a dilatory fashion. Finally, the fourth factor requires me to consider sanctions less drastic than dismissal. I think no other sanction would suffice because the Pre-trial Order specifies the sanction for the misconduct, and the parties were aware of this penalty in advance. To use a sanction other than the one specified in the Pre-trial Order would render the order toothless.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk will be further directed to strike this case from the active docket of this Court.

ENTERED this 20th day of July, 2007.

s/Jackson L. Kiser<br>Senior United States District Judge

8